## CHAPIN KEITH vs. WARE AND HARRINGTON.

That the Statute of limitations runs only from the time when the cause of action was complete.

That when the Sheriff takes a prison bond, there is no cause of action against him till the bond is demanded.

That *non damnificatus* is no plea to a suit brought by the Sheriff upon a prison bond. The other obligatory parts of the bond must be met also.

That a special statute, freeing the body of a prisoner from arrest, and enacting that his escape shall be no breach of his bond, is not valid to authorise such escape.

That in such case the plaintiff must recover the whole debt of the creditor.

WASHINGTON
March,
1829.

Keith
vs.
Ware et al.

This was an action of *debt* upon a penal bond of $200, given to the plaintiff, as Sheriff of the county of *Washington*, dated October 22d, 1817, conditioned, in the statute form, for said *Ware's* remaining within the liberties of the prison ; he being committed on an execution in favor of *Day* and *Willians*, against him for about $90.

The defendants pleaded several pleas in bar, to which the plaintiff demurred. The substance of the first plea was, that *Ware* escaped, &c. on the first day of December, 1818, which was then well known to the plaintiff—that thereby an action accrued to said *Day* and *Williams*, against the plaintiff, for permitting such escape ; and, that more than six years had elapsed since said cause of action accrued to said *Day* and *Williams*, before the commencement of the present action ; yet that said *Day* and *Williams* had commenced no action against the plaintiff for said escape, nor in any way pursued their legal remedy for the same ; which the defendants are ready to verify.

The next plea in bar was exactly like this, except the addition of this averment, " and the said *Chapin* has not in any way been damnified in consequence of admitting the said *Ware* to the liberties of the prison as aforesaid."

The third plea in bar alleged, that the bond was taken by the plaintiff as Sheriff, as an indemnity, &c. and so long a time had elapsed, and the plaintiff has not been damnified.

The fourth plea in bar set up a special statute, granting said *Ware* a freedom from arrest for four years, and declaring, that his departure from the limits of the prison should not be deemed or taken as a breach of his prison bond, &c.

The plaintiff having demurred to these several pleas in bar, the defendants joined in demurrer.

*Smith and Peck for the plaintiff.*—1st. The fourth plea in bar is overruled by the case of *Ward* vs. *Barnard*, 1 *Aikens Rep.* 121, on the ground that the act is unconstitutional.

*Answer to the third plea in bar.*

1st. The bond contains distinct covenants, *that the debtor shall not depart the limits of the jail yard, or do any other act by which the plaintiff should be damnified.* Therefore, when the debtor left the limits of the yard, which fact is admitted by the pleadings, there was a breach of the covenant *that the debtor should not depart,* and the cause of action then accrued. Thus if a bond be conditioned for the payment of a sum of money, at a certain day, though really given by way of indemnity, the debt accrues from the day mentioned in the condition, and does not await

WASHINGTON the damnification. 1 *Bos. & Pull.* 640.—2 *Term Rep.* 100, 640.
*March,*
1829.      —7 *Term Rep.* 97.

Keith       2d. Our statute does not contemplate that the Sheriff shall be
*vs.*    damnified previous to the bond being assigned, and suit brought
Ware et al. *by the creditor. If the assignee can sustain an action on the bond
before the Sheriff has been damnified, why may not the Sheriff
sustain the action, since the creditor has no other right than the
officer had who took the bond? *Stat.* 220, *sec.* 11.

Suppose the bond, in this case, had been assigned immediately
after its condition was broken; could there be any doubt of the
creditor's right to recover, even at this late hour? Why then, may
not the suit be supported in the Sheriff's name, when it is brought
by and for the benefit of the creditors?

*Answer to the first and second pleas in bar.*

1. These pleas are alike in substance and amount merely to
the plea that the plaintiff has not been damnified.

2. The plea of the statute of limitations is a personal privilege,
and no person can take advantage of it but the person in whose
favor the statute has run. It is like the plea of infancy, and no
person can take advantage of this plea but the infant. 2 *Kent's
Com.* 194.—2 *H. Black.* 511.—2 *Johns. Rep.* 279.—6 *do.* 257.
13 *Mass. Rep.* 237.

3. The statute of limitations is not an equitable, though a legal
defence; and who can say that if the creditors should sue the
plaintiff for an escape he would make this defence?

4. The pleas do not show that the remedy against the Sheriff
is barred by the lapse of time. No demand of the bond by the
creditors, and refusal by the Sheriff to assign, is averred.

*Loomis and Merrill, for defendants,* contended—That a bond
given as surety for the liberties of the jail is an indemnifying bond,
and that the condition, as prescribed by the statute, will admit of
no other construction—That if so, the case must be governed by
the general rule applicable to all bonds of indemnity, that is,
that no action can be maintained against the obligor until the
obligee has been damnified—That the sheriff in this case had not
been damnified, and of course could not recover in the present ac-
tion.—15 *Mass. Rep.* 6.—10 *Johns.* 180.

2. That should the facts stated in the pleas in bar be deemed
insufficient, nominal damages only can be recovered. If in any point
of view, the bond be considered a bond of indemnity, the rule of
damages will be the amount of injury received by the sheriff.
The Court are authorised to chancer the bond to such sums as
shall be found due in equity. What sum will be equitable in this

Washington
March,
1829.

Keith
vs.
Ware et al.

case? The answer is, the amount the sheriff has paid or is liable to pay. But he has paid nothing, and is not liable to pay anything in future; therefore, his damages must be merely nominal. Upon no construction of the condition of the bond, can the liability of the bail be made to extend beyond the liability of the sheriff, had no bond been taken. If a sheriff commit a man to jail who is insolvent, and the prisoner escape, nominal damages only can be recovered of the sheriff.—Stat. 218.—" When any action shall be " brought against any sheriff for the escape of any prisoner from " jail, he may produce evidence of the circumstances, situation " and property of the prisoner, &c." and the creditor shall recover no more than his reasonable and just damages, &c.—Stat. 70.

These statutes are in affirmance of the common law; for in an action of the case for an escape (the only action that can be brought in this State,) the law is, that the Court may assess such sum in damages as are just and reasonable.—5 Mass. 312.—2 Mass. 374.

In debt for an escape, the whole debt is recoverable: but in case, it is otherwise; and reasonable damages only are recoverable.—7 Mass. 377.—3 Stark. 1345.—11 Mass. 89.—2 Term R. 129.

To suffer the sheriff in this case to recover more than nominal damages, might do great injustice, in many points of view; for, in addition to the absurdity of suffering the sheriff to recover in a case where he has not been, and cannot be, injured, it seems to involve a still greater absurdity. The judgment would still be in force against the debtor, and he would thus be liable to pay it twice.

3. Probably it will be contended by the plaintiff that debt will lie against the sheriff, and, therefore, that the plea of the statute of limitations is not sufficient. But should this point be urged, the following authorites are deemed decisive.—2 T. Rep. 129.—2 Mason's Rep. 513.—3 Stark. Ev. 1345.—1 Saun. 38.

4. The act liberating the body was a lawful discharge. 12 Wheaton. In case against the Sheriff or jailor for an escape on an execution, defendant may plead the statute of limitations. 1 Saund. 38.—1 Sid. 306.—Stat. 290.

Hutchinson, J. delivered the opinion of the Court.—The first and second pleas in bar are defective. They exhibit no facts, which evince, that any cause of action accrued, in favor of Day and Williams against the plaintiff, more than six years before the commencement of this action. If the sheriff had taken no bond of the prisoner, the statute would run from the time of the escape.

Washington
March,
1829.

Keith
vs.
Ware et al.

But, where the sheriff takes a legal bond of the prisoner, the statute is express, that no action lies against the sheriff for an escape, or other cause named in the bond, until demand made of the sheriff for the bond : nor then, if the sheriff assign the bond upon such demand. In such case, all right of action against the sheriff is suspended, until the creditor has pursued his action upon the bond to final judgment, and failed to recover, or failed to collect, through some neglect or fault of the sheriff taking the bond. Our statute of limitations creates no bar to an action upon a bond : and, if the defendants would urge, as they do, that no action lies upon a prison bond, in favor of the sheriff, unless he has paid the creditor, or the creditor's claim is discharged, and therefore, that if the creditor's claim is barred, that discharges the bond, he must show that which bars the creditor of his remedy against the sheriff. For this purpose each of these first and second pleas requires a further averment, that the said *Day* and *Williams* on, &c. demanded of the plaintiff the bond in question, which he refused or neglected to deliver, and that more that six years have elapsed since said demand was made. Without such averment, the defence attempted is not made out. If such a defence can prevail at all, it must be upon the ground that the creditors' claim is satisfied, or in some way barred; so that, if the sheriff should now collect, he might pocket the money. There probably has been no demand made, or it would have been averred. Were it averred, it might be presumed from a state of facts which might exist, and had existed for a long time. Whether any such exist in this, or any other case, where the prisoners have relied upon acts of suspension, is unknown to the court.

This second plea in bar avers that the sheriff, the plaintiff, has not been damnified, treating the prison bonds, taken pursuant to the statute, as mere bonds of indemnity. Such, also, is the whole force of the third plea in bar. It is only *sub modo*, that they are bonds of indemnity. The prisoner is to indemnify the sheriff, by faithfully remaining within the liberties of the prison till lawfully discharged, without committing any escape before such discharge, or doing any act, by which the sheriff should be damnified in consequence of admitting him to the liberties of said prison ; and, further, is at all times to indemnify the sheriff, and save him harmless in the premises. The whole regulation of the statute is intended to give the creditor an action upon the bond, when assigned, for the recovery and collection of his debt. If the bond is not assigned, and the suit is brought in the name of the sheriff, he stands as trustee for the creditor. If he refuse to assign the

WASHINGTON,
*March,*
1829.

Keith
*vs.*
Ware et al.

bond, and sues it in his own name, his liability to the creditor for the amount of his debt and cost, with interest, furnishes a sufficient reason why he should recover the same amount upon the bond in trust for the creditor, and to indemnify himself, though he may not have paid the creditor. His liability to the creditor arises from his admitting the prisoner to the liberties, and his having departed therefrom before the debt was paid to the creditor; and it would be unreasonable to delay the sheriff of his remedy upon the bond, until he had in fact paid the debt. Under all the circumstances in which the sheriff is placed, by following the directions of the statute, he must be saved harmless from any liability to the creditor, or he must have a right to recover upon the bond after it is broken. Hence this third plea in bar is bad. It only avers that the plaintiff has not been damnified; whereas, it should also show the facts, which render it certain, that he never will be damnified, if he interposes a proper defence to any action that may be brought against him.

The fourth plea in bar presents the same question, decided by this court, in the case of *Ward* vs. *Barnard*, cited from *Aikens' Reports.* The creditors had pursued their legal remedy, and had obtained the regular process of law for imprisoning their debtor, till he should pay the debt, or be discharged in the mode pointed out by law for poor debtors. By virtue of this process the debtor was in prison; and he procured a special act of the legislature, which purported to give him the liberty to go at large, and saying that the very going at large, and departing from the liberties, against which he was bound by his bond, should be deemed no breach of the bond. This statute was framed to operate directly upon the rights of the creditors, and take away their right to imprison their debtor to enforce payment of their debt. We, in that case, decided, as we now decide, that such a statute is unconstitutional and void. If valid, it would render an execution abortive. It might as well declare the judgment void, as prohibit the execution of that judgment. It might as well declare the note void as either. The legislature have no such power, and such statutes have no such force. The pleas in bar are all insufficient.

With regard to the rule of damages in such a case, or the question of chancering the bond—this question was much litigated, and twice argued in *Franklin* County, in the case, I believe, of *Scotts* vs. *Weeks*, when the court decided, and that upon the authority of a long practice in this state, that, in a suit against a sheriff for taking insufficient bonds of a prisoner committed on execution, the creditor must recover his debt. If the sheriff would

Washington,
March,
1829.
───
Keith
vs.
Ware et al.
show the circumstances of the prisoner to mitigate the damages, under the statute, one of the circumstances to be weighed is, that he was able to procure bail, and the sheriff might as well have required good bail, as received that which was not good.

But the signers of this bond present no mitigating circumstance, but what might as well be extended to an entire defence, as to carry the sum below the debt of the creditors.

Let judgment be entered for the whole sum of the debt.

Before judgment was entered, the defendants had leave, on motion, to withdraw these pleadings and plead anew, on terms, that were complied with.

*Smith* and *Peck*, for plaintiff.

*Merrill* and *Loomis*, for defendants.