JOB LYMAN, administrator of BURK, sheriff, *vs.* LYMAN MOWER and others.

WINDSOR,
*February,*
1830.

Lyman, adm'r.
*vs.*
Mower et al.

An act of the legislature exempting the body of a judgment debtor from arrest for a limited time, and discharging him from imprisonment on the creditor's execution, is void.

The sheriff has a right of action on a jail bond, on the escape of the debtor, and may recover upon it, whether he has paid any thing to the creditor or not.

And in case of the sheriff's death, this right of action goes to his personal representative ; and the creditor may prosecute the bond, in the name of the representative, for his own benefit, and no defence can avail the obligors, that would not be allowed if the bond had been assigned to the creditor, and the action brought in his name.

Interest is allowed on a jail bond from the date of the judgment.

This was an action of *debt* on jail bond, brought in the name of the administrator of a deceased sheriff for the benefit of the judgement creditor. The sheriff who took the bond died before the condition of it had been broken, to wit, in February, 1820 ; and in October following *Edson*, the execution debtor, procured an act to be passed by the legislature freeing his body from imprisonment on the debt for which the bond had been taken, and exempting him from arrest for a limited time. After the passing of the act, *Edson* departed from the prison limits, and the bond was delivered to the creditor, who caused the present action to be brought.

At the trial in the county court the defendants offered in evidence the act of the legislature before mentioned, and also evidence tending to prove that said *Burk's* estate had not been damnified by reason of the escape of *Edson* ; that it was, in fact, insolvent, and the creditor had presented no claim against it ; that the estate had been fully administered before the commencement of the action ; that at the time of the said escape, and for a long time after, acts of the description of the one referred to were generally supposed to be valid, and that *Edson*, at the time of his commitment and escape, had no property whereby the execution could have been satisfied. To the admission of this evidence the plaintiff objected, and the court refused to admit it.— The jury, under the direction of the court, returned a verdict for the plaintiff, computing the interest on the judgement from the time when it was rendered. The defendants excepted to the decision of the court, rejecting the testimony offered by them, and also to the direction to the jury respecting the computation of interest ; and removed the cause to the Supreme Court on a motion for a new trial.

*Mr. Everett, for the defendants,* contended, 1. That the principal was discharged by order of law.

Windsor,
February,
1830.

Lyman, adm'r.
vs.
Mower et al.

2. That before the assignment of the bond the sheriff was fully indemnified.

3. That the plaintiff consented to the escape.

4. That the plaintiff had not been damnified.

5. That interest should be computed only from the escape.

*Mr. Marsh for the plaintiff.*—I. The first defence attempted in this case, is an act of the legislature in favor of said *Edson*, commonly called a suspension act. As these acts have been by this Court so deliberately and repeatedly decided down, it is considered unnecessary again to argue it.

II. The second defence attempted in this cause is, that the action cannot be maintained, because the estate of said sheriff has not been damnified, and cannot be, as said estate was insolvent and is settled. This constitutes no defence for these reasons : *First*. This is entirely a suit for the benefit of the creditor, and the defence inequitable. *Secondly*. The jail bond constitutes a new security for the debt to the creditor, and it can make no difference to the defendents, whether the same be sued in the name of the creditor or sheriff.—*Hall* vs. *Stebbins*, 2 *Aik. R.* 215.—*Thirdly*. The condition of this bond was broken nine months after the decease of the sheriff, and no claim exists only on his refusal to assign the bond, and then it is for the original escape, which is a tort, and no claim on the estate. The question, therefore, seems to be this, is a creditor whose debtor escapes from prison a year after the death of the sheriff, who took the bond, without redress ?

III. The poverty of the debtor can never be given in evidence in a suit on the jail bond, however it may be on a suit against the sheriff for an escape, to reduce damages. Among other reasons for this, one is a bar to a subsequent suit against the debtor for the debt, the other is not.

The opinion of the court was delivered by

Prentiss, J.—The question, whether the act, exempting the body of the judgement debtor from arrest for a limited time, and discharging him from his imprisonment on the creditor's execution, was admissible as a defence to this action, must be considered as settled by the decision in the case of *Ward* vs. *Barnard.*—1 *Aik. Rep.* 121. The decision in that case did not proceed upon the ground, that the bond was a contract within the provision of the constitution of the United States, prohibiting the state legislatures from passing acts impairing the obligation of contracts, but upon the ground, that the act was an enactment in a particular

case, affecting private rights, was retrospective in its operation, and, on the general principles of law, void. The decision was in conformity with opinions expressed by several successive councils of censors, composed of men of the first respectability for intelligence, having great experience in legislation, and a thorough knowledge of the principles of our government. The question was several times argued, was maturely considered, and the court were unanimous in the opinion which was pronounced.— Subsequent reflection has not shaken our confidence in the soundness and correctness of the decision ; nor do we think it at all impugned by the determination in the case of *Mason* vs. *Haile*, 12 *Wheat.* 370. That case is distinguishable in several very essential and important particulars, and may well be considered as resting on different principles.

WINDSOR,
February,
1830.

Lyman, adm'r,
*vs.*
Mower et al.

The defence, that the sheriff, the plaintiff's intestate, had not been in any way damnified, and that his estate had been represented insolvent, and the commission closed, without any claim having been exhibited by the creditor against the estate, is tantamount to a plea of *non damnificatus*. In *Woods* vs. *Rowan*, 5 *John. Rep.* 42, it was held, that such a plea was no answer to an action, brought by the sheriff, on a bond given to him, *as* security for the liberties of the prison. That decision appears to us to be founded on just principles. The bond is not simply and merely a bond of indemnity. The condition is, not only to indemnify and save the sheriff harmless, but that the judgement debtor shall faithfully and absolutely remain within the liberties of the prison, and not escape or depart therefrom, until he shall be lawfully discharged ; and it is a settled principle, that if any substantive part of the condition of a bond is broken, the bond is forfeited at law, and an action accrues thereupon. By the statute, the creditor may take an assignment of the bond, and maintain an action upon it in his own name ; and his right of action against the sheriff for the escape is suspended, until he has demanded the bond, and there has been a refusal to assign it, or he has failed to recover and obtain satisfaction upon it. The bond is a part of the process prescribed by law for enforcing payment of the judgement debt, and is intended for the benefit of the creditor. But the sheriff has a right of action upon the bond, on the escape of the debtor, and may recover upon it, whether he has paid any thing to the creditor or not. Indeed, circumstances may render it necessary for him, before the creditor calls for an assignment of the bond, to bring an action upon it in his own name, for his own security. If he recovers upon the bond, it is a satisfaction by the debtor of the judgement debt, and the sheriff is lia-

WINDSOR,
February,
1830.

Lyman, adm'r.
vs.
Mower et al.

ble over to the creditor. This right of action in the sheriff, in case of his death, goes to his personal representative ; and in an action upon the bond by the representative, it can be no defence, that the creditor's cause of action against the sheriff does not at law survive against his representative, or if it does, that no claim has been exhibited by the creditor against his estate. If the judgement debt is not paid, or released, or in some way extinguished, but still subsists unsatisfied against the debtor, no good reason can be assigned, why the representative of the sheriff may not enforce payment of it by a suit upon the bond. If he recovers satisfaction, he will hold the money for the use of the creditor. It will not be assests in his hands to be distributed as part of the estate of his intestate, but will be the money of the judgement creditor, received in satisfaction of his debt, and held in trust for him ; and he may maintain an action at law to recover it, or at at any rate a court of equity would order it paid over to him. In *Hall* vs. *Walbridge*, 2 *Aik. Rep.* 215, it was determined, that where goods under attachment were wrongfully taken from the officer, his administrator might maintain an action of trover for the goods, for the benefit of the attaching creditor, though nothing had been paid to the creditor by the officer in his life time, and though his estate had been represented insolvent, and no claim had been presented by the creditor against it. In the case before us, the bond, on application of the creditor, was delivered over to him by the administrator of the sheriff; and the exceptions state, that the action is brought and prosecuted by the creditor, in the name of the administrator, for his own benefit. In any view of the case, it is very clear, that no defence can avail the defendants, that would not be allowed, if the bond had been formally assigned to the creditor, and the action had been brought in his name. From these principles it results, that the amount of the creditor's judgement must be the measure of damages, and that evidence of the poverty of the judgement debtor, or his inability to pay the debt, was inadmissable.

The only remaining point presented by the exceptions, and discussed in the argument, arises from the direction given to the jury, to compute interest, in the assessment of the damages, from the rendition of the judgement. On this it is sufficient to observe, that it has always been the rule, in assessing damages on the forfeiture of a bond of this description, to allow interest from the date of the judgement.

Judgement affirmed.