Rufus Kendall vs. Jacob F. Dodge and Araunah Waterman.

A special act of the legislature discharging a judgement debtor from imprisonment on an execution is void.

In an action on a jail bond brought by the creditor against the signers of the bond, a plea, *that more than six years had elapsed since the escape of the principal, and that the creditor had not pursued his remedy against the sheriff for the escape,* was held to be insufficient.

In this case there was no averment in the plea that the creditor had ever made a demand on the sheriff to assign the bond to him; and, consequently. it did not appear that a cause of action had ever accrued against the sheriff.

The sheriff, to whom a jail bond is taken for the admission of an imprisoned debtor to the prison limits, can alone assign it to the creditor, whether such sheriff be in office at the time of the breach of the condition or not.

Where a sheriff having put his name and seal on a jail bond, delivered it to the creditor, with authority to write an assignment, which was afterwards done,—it was held to be a valid assignment of the bond.

WASHINGTON,
March,
1830.

Kendall
vs.
Dodge et al.

Action of debt on a jail bond, dated, August 10, 1816, executed by said *Dodge*, as principal, and *Waterman*, as surety, to Chapin Keith, sheriff, of Washington county, and by said Keith, on the 1st day of June, 1820, after the breach of the condition, assigned to the plaintiff and one John Kendall, since deceased, whom the plaintiff survived. The breach was alleged to have been on the 30th day of November, 1819. The defendants pleaded,

1st. *Non est factum.*

2d. That said sheriff did not on said first day of June, 1820, nor at any other time, after the condition of the bond was broken, assign it to the plaintiff and said John Kendall.

3d. That *Dodge* did not on said 30th day of Nov. 1819, nor at any other time after the making of said bond, until the 3d day of February 1820, escape from the liberties of the prison; that on said 3d day of February, 1820, at the time the condition of the bond was broken, long before, and ever since, until the 1st day of December, 1825, John Peck was legal sheriff of said county, and that Chapin Keith was not sheriff of said county on said 3d day Feb. 1820, nor at any time since the 30th day of Nov. 1819; and that the said Peck had not assigned the bond to the plaintiff.

4th. That on the 3d day of February, 1820, and not before, said *Dodge* escaped from prison and the liberties thereof, and went at large; by reason whereof an action accrued to the plaintiff against the sheriff of Washington county, then keeper in chief of said jail, for permitting *Dodge* to escape, of which said sheriff and the plaintiff had due notice; that the plaintiff had never pursued his legal remedy against said sheriff for the escape; and that since said cause of action accrued to the plaintiff against said sheriff six years and more had elapsed before the commencement of the present action.

5th. That after the commitment of *Dodge*, and before he had committed any escape, to wit, on the 8th day of November, 1819, the legislature of the state of Vermont passed an act exempting *Dodge* from arrest and imprisonment on civil process, for all debts contracted previous to the passing of the act, during the term of five years; and enacting *that the departure of Dodge from the prison in which he was then confined, or from the liberties thereof, should not be adjudged an escape to charge said Dodge or his bail;* and that thereupon *Dodge*, after the passing of said act, to wit, on the 3d day of February, 1820, and not before, went at large out of said prison limits; which was the supposed escape complained of by the plaintiff, and no other.

VV

Washington,
March,
1830,
——————
Kendall
vs.
Dodge et al.

6th. That Chapin Keith was not sheriff of Washington county on the 1st day of June, 1820, (when the bond purported to have been assigned by him,) nor at any other time whatever after the 30th day of November, 1819, nor after the condition of the bond had been broken.

The plaintiff joined issue to the country on the *two first* pleas. To the *third* he replied, that at the time of the date of said bond, to wit, August 10, 1816, the said Chapin Keith was sheriff of said county, and so continued until the 1st day of December, 1819. To the *fourth* plea the plaintiff replied, that after the condition of said bond had been broken, by the escape of *Dodge*, to wit, on the 1st day of June, 1820, on the demand of the plaintiff, the said Keith, to whom said bond had been executed, by his endorsement in writing under his hand and seal, assigned the contents thereof to be paid to the plaintiff; of which assignment the defendants had notice, and thereby became liable to pay the plaintiff the penalty mentioned in the bond, to recover which the present action was brought; that since the assignment of the bond he had had no legal right to sue the said sheriff for the escape of *Dodge*, because it had not been ascertained that the signers of the bond would be unable to satisfy the judgement to be recovered thereon, nor that the plaintiff would be able to recover judgement on the bond on account of the neglect, *laches*, or default, of said sheriff; that, therefore, the plaintiff was not barred by the statute of limitations against the sheriff for the escape of *Dodge*. To the *fifth* and *sixth* pleas the plaintiff demurred.

The defendants rejoined, and demurred to the plaintiff's replication to the *third* and *fourth* pleas, and joined in the demurrer to the *fifth* and *sixth* pleas.

On the trial in the county court, it was proved that the signature of Chapin Keith to the assignment on the back of the bond, and the seal annexed thereto, had been put to the assignment by said Keith after the 1st day of June, 1820, (which was the date of the assignment,) and after the said Keith had ceased to be sheriff, at the request of William Upham, attorney for the creditors, who then had the bond in his possession; and that the words over said signature and seal were not written before, nor at the time, the name and seal were put upon the bond, but were written four or five days afterwards by said Upham.

The defendants' counsel insisted that the bond had not been legally assigned, and requested the court so to charge the jury. But the court instructed the jury that if the name and seal of said

Keith were put by him on the back of the bond, after the escape of *Dodge*, with a view to assign the bond to the creditors, and that the blank should be afterwards filled up by them, or their attorney, with proper words of assignment over the name and seal, and the same was afterwards, and before the commencement of the action, filled up accordingly, it constituted a sufficient assignment of the bond. The jury having returned a verdict for the plaintiff on the issues of fact, and assessed the damages, and the court having rendered judgement thereon, and on the several issues of law, for the plaintiff, the defendants filed exceptions, and the cause was thereupon removed to the Supreme Court.

WASHINGTON,
*March,*
1830.
————
*Kendall*
*vs.*
Dodge et al.

*Loomis and Merrill, for the defendants.*—The question raised by the *third* plea and replication is, whether the sheriff who took the bond, or he who was sheriff at the time of condition broken, should assign it. It is insisted by defendants, that the sheriff at the time of condition broken, is the only person who can assign the bond.—*(Statute, p.* 200, *s.* 2.) The debtor imprisoned has a right to demand of the sheriff the liberty of the jail yard, on executing a bond, as provided by statute, *page* 219, 220, *s.* 10, 11 : and *when the condition shall be broken,* the bond is *assignable* to the creditor—not to any other person—nor until after condition broken. The bond is assignable, not because the tenor of it is to the sheriff or his *assigns,* but by force of the statute. The bond is directed by statute to be given to the sheriff: it is not necessary to name him in the bond. He has the right to judge of the security, and is made responsible for it. He is still liable for the escape of the debtor. But the statute, *(page* 220, *s.* 11,) provides, that he may suspend the suit against himself by endorsing the bond—leaving it optional with him to suffer a suit against himself for the escape, or to endorse the bond to the creditor. The question recurs, *what sheriff* is authorized to suspend the action against himself for the escape ? Certainly, the sheriff who is liable for the escape. It is believed no doubt exists, but the sheriff at the time of condition broken is the only person liable for the escape.— *Swift's Dig.* 545 ; *Backus' Sheriff,* 20 ; *Wood* vs. *Gibson,* 6 *Johns. Rep.* 125 ; *The King* vs. *late Shff. of Midl'x.* 4 *East,* 604. And he is the person authorized by statute to assign the bond.— *Richards et al.* vs. *Porter,* 7 *Johns. Rep.* 137. The statute declares, no action shall be maintained, &c., if he will assign the bond, &c. ; which clearly shows that the officer liable to the suit should assign the bond to suspend the suit against himself. The

WASHINGTON, March, 1830.

Kendall vs. Dodge et al.

sheriff whose office has expired has no interest to have the bond assigned : he is not liable for the escape of the debtor ; but the interest of the acting sheriff is manifest. He has no other indemnity. The bond is taken to indemnify the *sheriff's department*. When the statute speaks of the sheriff, the acting sheriff is intended ; and as the bond is not *assignable* until escape made, the acting living sheriff is to assign. This view of the case is fully supported by the statute, *(page* 233 *s.* 5,) where it is declared that whenever the sheriff of any county in this state shall discover that the bondsmen, &c., he may recommit the debtor. The sheriff here authorized to recommit is the acting sheriff, whether the bond were taken by him or his predecessor. And the close of the same section extends the right of recommiting to the high bailiffs, their executors and administrators, and to the sheriff who took the bond, after his office expires, and to his bondsmen. The acting sheriff is the keeper of all bonds, files and papers, pertaining to the department, and to him the creditor applies for his bond. If a sheriff take a bond, and, before condition broken, die, abscond, or be committed to jail, even on bonds, the high bailiff then acts as sheriff and keeper of the jail ; and if the debtor escape, the high bailiff is authorized to assign the bond, *(Stat. p.* 205–6, *s.* 17,) and may, before escape, recommit. If the doctrine be established that the sheriff taking the bond must assign it, then he must have the keeping of it to be always ready to assign. This would, in practice, distribute jail bonds into any country or kingdom where a sheriff, or his administrator, or high bailiff, out of office, should remove, and place them beyond the controul of the acting sheriff, and where the creditor could never make a demand of the assignment ; and if demand of the acting sheriff, for an assignment of the bond, be good, *he* would be without remedy, though liable to creditors for escape.

As to the *fourth* plea, we say, no action of debt lies against a jailer for escape out of execution, but only an *action of the case*. *Jones* vs. *Pope,* 1 *Saun.* 38 ; 2 *Inst.* 382. In case against sheriff or jailer for escape from execution, defendant may plead the statute of limitations.—1. *Saun.* 38. *n.* 2 ; 1 *Sid.* 306 ; *Vt. Stat. p.* 290. On the escape of *Dodge* the plaintiff's right of action accrued against the sheriff for the escape, and the statute then began to run. Right of action against an officer for taking insufficient bail, accrues from the return of *non est inventus*—*Rice* vs. *Holmes,* 12 *Mass.* 127 ; *Cesar* vs. *Bradford,* 13 *Mass.* 169 ; *Mather* vs. *Green,* 17 *Mass.* 60. Right of action against an offi-

cer for insufficient service of an original writ, by reason whereof <span style="float:right">WASHINGTON<br>*March,*<br>1830.</span> plaintiff lost the benefit of his attachment, (judgement having been reversed for that cause,) was considered as having accrued when the writ was returned into the clerk's office.—*Miller* vs. *Adams,* 16 *Mass.* 456 ; see also *Hinsdale* vs. *Larned et al.* 16 *Mass.* 65 ; 2 *East.* 254.    The bail have a right to avail themselves of the statute of limitations having run in favor of the sheriff.    If judgement be rendered against an administrator, and afterwards an action be brought against the surety on the probate bond to recover the amount of that judgement,the bail may avoid the action by pleading that the action against the administrator in which the judgement was rendered,was not commenced within four years from the time of his accepting the trust ; for the surety is not barred by the judgement .against the administrator from a protection the law intended for his benefit.—*Daws* vs. *Shed* and others, 15 *Mass. Rep.* 6.    If sheriff on demand refuses to assign the bond, the creditor has a claim which will be barred by statute in six years; and if the sheriff assign the bond, it will enlarge the statute of limitation as to the creditor ; nor does it discharge the creditor's claim against the sheriff, but only suspends it, and enables the creditor to collect his claim against the sheriff from the bond.    He is not pursuing the bond as a debt due to himself, but collecting his claim against the sheriff.    Now if that claim be satisfied, the bond is no longer in force.    That claim is legally satisfied, on the creditor's neglect to pursue it for six years.    No equitable consideration will charge bail beyond their undertaking ; and six years having elapsed, as against the sheriff, the bail have a right to avail themselves of it ; and the sheriff by any promise cannot revive the claim as against *them.* The creditor's right to pursue the bond must cease when his claim against the sheriff is barred.

The question raised by the *fifth* plea is, whether the act freeing *Dodge* from imprisonment is valid.    On this point we cite 4 *Wheaton's Rep.* 200, 201 ; 12 *Wheaton's Rep.* 370.

The question reserved under the second plea is, whether the assignment, as it appears in the case, is valid.    Defendants contend it is not.    If a person affix his signature and seal to the back of a lease, it is not an assignment of the lease.—*Jackson* vs. *Titus,* 2 *Johns. Rep.* 430 ; 2 *Stark. Ev.* 589.    And if it be agreed that a third person shall write an assignmemt over the signature and seal, which he does, and delivers the deed to the assignee, the deed is a nullity.—*Ibid.*    Where blanks were left to be filled up with the christian name of the party, and which were afterwards

Kendall<br>*vs.*<br>Dodge et al.

WASHINGTON
March,
1830,

Kendall
vs.
Dodge et al.
filled up with the assent of both parties, the bond was held to be void.—2 *Stark.* 481. And in general if blanks be left at the time of execution, and afterwards be filled up, the deed will be avoided, for it is no longer the same contract that was sealed and delivered.—*Ibid.*

*Upham, for plaintiff.*—1. The *first* question, and the only one, presented upon the *third* plea in bar, is, which sheriff ought to have assigned the jail bond? We maintain that Chapin Keith was the only person who could legally make the assignment. The bond was taken for his benefit; he always had the custody of it, and was the only person liable for the sufficiency of the bail; he alone had the power to recommit the prisoner in case the bail should become insolvent.—*Stat. p.* 233, *s.* 5. John Peck never had the possession of the bond, neither was he entitled by law to its custody. Consequently, he never had it in his power to make the assignment. Again, the statute, I apprehend, settles this question. The 11th section of an act relating to jails and jailers, (*page* 220,) declares that the *officer* who took the bond shall make the assignment to the creditors.

2. The *fourth* plea in bar we contend is well answered by the replication. No action has yet accrued to the plaintiff against the sheriff for the escape of *Dodge.* The jail bond was assigned by the sheriff to the creditor when demanded, and the suit upon the bond is still pending in court. If the sheriff will assign a jail bond to the creditor when demanded, no action accrues against him for the escape until after a failure to obtain satisfaction of the debt on the bond.—*Stat. p.* 220, *s.* 5. Again, the plea did not require any replication; it furnishes no bar to the plaintiff's cause of action, and would have been adjudged insufficient on general demurrer.—1 *Chit. Pl.* 460.

3. The *fifth* plea in bar is insufficient to bar the plaintiff's action. The legislature had no constitutional power to pass the special act set forth in the plea.—1 *Aik. Rep.* 121; *Bates* vs. *Kimball,* 2 *D. Chip. Rep.* 77; *Lyman* vs. *Mower,* 2 *Vt. Rep.* 517.

4. If the *sixth* plea in bar presents any question to the Court, it is simply this; which sheriff ought to have assigned the bond. This question has been sufficiently considered in our remarks upon the third plea in bar, which presented the same question.

5. The bill of exceptions presents only one question, to wit, was the bond legally assigned by the sheriff? The fact spread upon the record, we insist, shows a legal assignment of the bond.

The creditor, after the condition of said bond had been broken, demanded of the sheriff an assignment of the bond. The sheriff wrote his name upon the back of it, and thereunto affixed his seal, and delivered it to the counsel for the creditor, with directions to fill up an assignment of said bond over his name, which was accordingly done, before the commencement of the action. In the case of *Speak and others* vs. *U. States*, 9 *Cranch*, 37, *Story, J.*, said, " It is clear at the common law, that an alteration or addition in a deed, as by adding a new obligor, or an erasure in a deed, as by striking out an old obligor, if done with the consent and concurrence of all parties to the deed, does not avoid it." And this principle equally applies whether the alteration or erasure be made in pursuance of an agreement and consent prior, or subsequent, to the execution of the deed ; and the cases in the books in which erasures, interlineations, and alterations in deeds,have been held to avoid them, will be found, on examination, to have been cases in which no such consent had been given.—*Smith* vs. *Crooker et al.* 5 *Mass. Rep.* 588 ; *Hunt, admr.* vs. *Adams*, 6, *Mass.* 519 ; *Mackham* vs. *Garaston, Mason*, 547 ; *Pagot* vs. *Pagot*, 2 *Ch. Rep.* 187 ; *Zouch* vs. *Clay*, 1 *Vent.* 185 ; *Yelv.* 96, *n.* 2 ; *Russell* vs. *Longstaff, Doug.* 514 ; 2 *Stark. Ev.* 480, *a.* 1 ; *Ulen* vs. *Kittridge*, 7 *Mass.* 233 ; 13 *Johns. Rep.* 175. This cause we apprehend stands upon the same ground that it would,had the sheriff afterwards filled up the assignment himself. The assignment was written over his name by his direction,and it was in law his act. *Qui facit per alium facit per se.—Co. Lit.* 258.

6. The assignment of the jail bond being regular upon the face of it, parol evidence was inadmissible to explain or contradict it.

PRENTISS, Ch. J., pronounced the opinion of the Court.—The questions to be decided arise upon several issues of law joined in the case, and upon exceptions taken to the instructions given to the jury on the trial of the issue of fact.

The question presented by the fifth plea, which involves the va - lidity of the special act of the legislature, discharging the judgement debtor from imprisonment on the plaintiff's execution, is settled by the case of *Ward* vs. *Barnard*, 1 *Aik. Rep.* 121, and the case of *Lyman* vs. *Mower*, 2 *Vt. Rep.* 517, decided at the last term in Windsor county ; and the question cannot be considered as open to discussion.

That the fourth plea is bad, is decided by the case of *Keith* vs. *Ware*, 2 *Vt. Rep.* 174, determined in this county in 1829. When

WASHINGTON,
*March,*
1830.

Kendall
*vs.*
Dodge et al.

the sheriff takes a bond as security for the liberties of the prison, and the prisoner escapes, the creditor's right of action against the sheriff for the escape is suspended, until he has demanded the bond, and there has been a refusal to assign it, or he has failed to recover and obtain satisfaction upon it. As no right of action, consequently, has accrued to the plaintiff against the sheriff, the statute of limitations has not as yet begun to run in favor of the latter. But the plea, in effect, is a plea that the sheriff has not been damnified ; and it was decided in the case of *Lyman* vs. *Mower*, already mentioned, that such a plea is no answer to an action upon a bond of this description.

The third and sixth pleas present the question, whether the assignment of the bond by the sheriff to whom it was executed, but who was not in office at the time of the escape of the prisoner, is good and effectual in law to transfer the right of action upon the bond to the plaintiff. It is very clear from the statute, that the bond must be assigned by the sheriff who takes it, whether he remains in office until the breach of the condition or not.—(*Comp. Stat. p.* 220, *s.* 11.) He alone is ultimately liable to the creditor for the escape, and his successor in office can have no interest in the bond. Prisoners when admitted to the liberties of the prison are no longer in the keeping of the sheriff ; and a new sheriff, consequently, has no custody or controul of them, and is under no liability for their escape, unless they are recommitted to prison pursuant to the act of 1812 ; in which case the former bond, unless previously broken, becomes of no effect.

The remaining question arises on the exceptions. It appears that the sheriff put his name and seal on the bond, and delivered it to the plaintiff's attorney, who afterwards wrote over the name and seal a formal assignment ; and the jury were directed, that if the sheriff put his name and seal on the bond, after the escape of the prisoner, with a view to assign the bond to the creditor, and that the blank should be afterwards filled up by his attorney with proper words of assignment, and the same was afterwards, and before the commencement of the action, filled up accordingly, it constituted a valid assignment of the bond. In the case of *Jackson* vs. *Titus*, 2 *Johns. Rep.* 430, cited and relied upon by the defendants, a lessee put his name and seal on the back of a lease, and delivered it to a third person, giving him verbal authority to write an assignment of the lease on a certain event, and the assignment was afterwards written accordingly. The court considered, that the affixing the hand and seal to a piece of blank paper was

not an assignment by *deed* or *note in writing*, within the requisition of the statute of frauds ; and that to allow it to be good, would open a door to fraud and perjury, and defeat the wise and salutary provisions of the statute.  But the statute of frauds having no application to the question arising in the present case, the case does not come within the principle of the decision cited ; and we see no good reason why the assignment in this case should not be good and operative in law.  The bond was taken for the benefit of the creditor, and could be assigned to no other person ; and the sheriff having put his name and seal on the bond, and delivered it to the creditor's attorney, with authority to write an assignment, which was afterwards done, we think there was a sufficient assignment of the bond.